**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4194**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROSS ALEXANDER NORTHWAY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. James C. Fox, Senior
District Judge. (7:03-cr-00018-F)

Submitted: September 12, 2007      Decided: September 20, 2007

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney, Anne M.
Hayes, Banumathi Rangarajan, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ross Alexander Northway appeals the district court's judgment revoking his supervised release and imposing a twenty-four month prison term. On appeal, Northway contends his revocation sentence was plainly unreasonable because it exceeded his policy statement range of three to nine months. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (citations omitted).

While the district court must consider the Chapter Seven policy statements as "helpful assistance," and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583 (2000), the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39 (citations omitted). The court must provide a statement of reasons for the sentence imposed, as with the typical sentencing procedure, but

- 2 -

this statement need not be as specific as has been required for departing from a traditional guideline range. <u>Moulden</u>, 478 F.3d at 657 (citations omitted). Only if this modified reasonableness analysis leads us to conclude that the sentence was unreasonable, do we ask whether it is "plainly" so. <u>Id.</u>

After Northway admitted violating the conditions of his probation sentence by using cocaine and failing to participate as directed in a urinalysis program, the district court revoked his probation sentence and resentenced him to twenty-four months in prison, with a recommendation that he participate in the intensive drug treatment program, followed by twelve months of supervised release. On April 5, 2006, Northway was released from custody and began his supervised release term. On July 10, 2006, he tested positive for cocaine use. The probation officer petitioned the district court for modification of Northway's supervised release, and Northway agreed to the modifications. On August 2, 2006, the district court continued Northway's supervised release.

However, between September 8, 2006 and November 8, 2006, Northway missed five scheduled urine tests. When confronted about the violations and asked to submit to a drug test, Northway tested positive for cocaine and admitted to its use. The probation office began immediate efforts to get him into a residential treatment program, but he again tested positive for cocaine use on November 20, 2006. On November 30, 2006, the probation officer moved to

revoke Northway's release. As before, Northway was charged with violating the conditions that he not use a controlled substance and that he participate as directed in a urinalysis program. Northway admitted the violations and requested a sentence within his policy statement range of three to nine months. See U.S. Sentencing Guidelines Manual § 7B1.4(a) (2003). The district court sentenced Northway to his statutory maximum sentence of twenty-four months. See 18 U.S.C. § 3583(e)(3) (2000).

On appeal, Northway concedes that his conduct merited punishment but contends the substantial increase in his sentence above the policy statement range was plainly unreasonable. We disagree. The district court considered the range under Chapter 7 but sentenced Northway at the statutory maximum based on his continued pattern of violations. Northway argues his sentence was not justified by the district court's stated reason. However, it was reasonable for the district court to take into account not only the severity of Northway's most severe violation, but also the number of violations. See Moulden, 478 F.3d at 658.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED